UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES LIABILITY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case No. 3:10-cv-00129 JPG |
| v. ) | |
| ) | |
| LARRY BRYANT d/b/a WASHINGTON ) | |
| PARK LIQUOR ) | |
| | |
|    Defendant . | |

### ORDER

Before the Court is Plaintiff United States Liability Corporation's Motion to Strike Defendant's Answer (Doc. 21). For the reasons set forth below, Plaintiff's Motion to Strike (Doc. 21) is **GRANTED IN PART AND DENIED IN PART**.

#### FACTUAL BACKGROUND

Plaintiff asks the Court to strike Defendant's answer and deem admitted certain allegations in the complaint. Plaintiff argues that Defendant's answer contains "additional allegations, discussions of law and argument, from confusing factual allegations to personal attacks on the competency of Plaintiff's counsel." Plaintiff specifically objects to paragraphs 12, 14, 15, 16, 20-26, 28, 29, 32, 38, and 40 of the answer. In response, Defendant argues that given the untrue allegations in the Complaint his answers are "required to be pleaded as pleaded in order to fairly meet the allegations lodged the Insured Plaintiff-Counterdefendant's Complaint" (Doc. 23).

#### LEGAL STANDARDS

The only permissible responses to a complaint under Fed.R.Civ.P. 8(b) are admission, denial or a statement of the absence of both knowledge and information sufficient to form a belief. The rules do not approve or permit other types of responses. *See Gilbert v. Johnston*, 127 F.R.D. 145,

146 (N.D.Ill.1989). The Court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored, however, and will generally be denied unless the portion of the pleading at issue is prejudicial. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial."). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

## ANALYSIS

The Court has reviewed Paragraphs 12, 14, 15, 16, 20-26, 28, 29, 32, 38 and 40 of Defendant's answer and finds them to be wholly outside of the limits of Rule 8(b). For example:

- Paragraph 22 of Plaintiff's Complaint states:

  As part of its investigation USLIC also retained counsel to procure Bryant's Examination Under Oath, a requirement under the policy. See Exhibit 1.

- Defendant's Answer to Paragraph 22 states:

  Admits each and every allegation contained in Par.22, except that he denies that USLIC retained **competent** legal counsel to conduct Bryant's EUO (Emphasis added).

  The Court finds the second portion of Defendant's answer to Paragraph 22 to be

irrelevant and prejudicial and as such that answer is stricken.

- Paragraph 23 of Plaintiff's Complaint states:

    In conjunction with the request for Bryant's Examination Under Oath USLIC also requested Bryant produce certain documents and records in support of the loss, a requirement under the Policy. See Exhibit 1.

- Defendant's Answer to Paragraph 23 states:

    Admits each and every allegation contained in Par. 23, but denies that USLIC conducted proper followup requests for information and denied coverage for his claim without insisting upon receiving all the certain documents and records that it should have insisted upon receiving before making its claim decision and issuing its written notification of its coverage decision for his claim, thereby, waiving its Insured's compliance with its request for certain documents and records or being estopped to assert such demand and requirement that it did not enforce. (Emphasis in original).

The Court finds the second portion of Defendant's answer to Paragraph 23 to be irrelevant, prejudicial and confusing and as such that answer is stricken.

- Paragraph 24 of Plaintiff's Complaint states:

    Bryant failed to produce requested documents, including but not limited to:

    a. previous property claims made by Bryant with regard to the insured premises;
    b. bank statements for Washington Park;
    c. credit card statements;
    d. personal business tax returns for 2007 and 2008; or
    e. purchase orders, receipts payroll records and profit and loss statements or any documents to support the business personal property and lost business income claim of nearly [sic] claims totaling $141,000.

- Defendant's Answer to Paragraph 24 states:

    Denies each and every allegation contained in Par. 24, including all subparagraphs a., b., c., d. and e thereof, asserting that the documents and records requested were burned up and destroyed in the subject fire, thus being incapable of being produced by Bryant, who signed authorizations for USLIC to obtain any and all records requested, but it failed to follow through, instead improperly and prematurely denying coverage for Bryant's covered claims with USLIC performing a thorough and complete investigation, which it was required by law to perform, but it chose, failed and refused to fulfill its obligations.

The Court finds the second portion of Defendant's answer to Paragraph 24 to be irrelevant, prejudicial and not proper under Rule 8(b) and as such that answer is stricken.

In reviewing the remainder of Defendant's answers to Paragraphs 12, 14, 15, 16, 24-26, 28, 29, 32, 38 and 40 the Court finds that these answers are similarly confusing, prejudicial and immaterial and also do not comply with Rule 8(b). Thus, they are stricken. The Court declines, however, to deem admitted the stricken paragraphs. The Court will allow Defendant the opportunity to correct his deficiencies. Defendant will be given thirty (30) days to file an Answer that comports to Rule 8(b) to Paragraphs 12, 14, 15, 16, 20-26, 28, 29, 32, 38 and 40 of Plaintiff's Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Defendant's Answer (Doc. 31) **GRANTED IN PART AND DENIED IN PART.** Paragraphs 12, 14, 15, 16, 20-26, 28, 29, 32, 38, and 40 are **STRICKEN**. Defendant is given thirty (30) days, that is until **February 22, 2011**, to file answers to paragraphs 12, 14, 15, 16, 20-26, 28, 29, 32, 38 and 40 of Plaintiff's Complaint that comports with the requirements of Fed R. Civ. P. 8(b).

**IT IS SO ORDERED.**

**DATED: January 21, 2011**

                                            **s/** *Donald G. Wilkerson*
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**