UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARRY BRYANT d/b/a WASHINGTON PARK LIQUOR )<br>)<br>Defendant . ) | Case No.  3:10-cv-00129 JPG |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for determination of pre-trial matters.   Now pending before the Court is Plaintiff's Motion to Strike Defendant's Counterclaims (Doc. 38).  Also pending before the Court, *sua sponte*, is its Order to Show Cause issued on October 12, 2010 (Doc. 37).  For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's Motion to Strike Defendant's Counterclaims (Doc. 38) be **GRANTED** and Defendant's Counterclaims be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law.

### PROCEDURAL POSTURE

Plaintiff/Counter Defendant United States Liability Insurance Company (hereinafter "USLIC" or "Plaintiff") filed the pending Motion to Strike Defendant's Counterclaims on October 27, 2010 (Doc. 38). Defendant/Counter Claimant Larry Bryant (herinafter "Bryant" or "Defendant") filed a response in opposition to the motion on October 29, 2010 (Doc. 41).  USLIC filed a Reply on November 23, 2010 (Doc. 43).  On December 15, 2010, Bryant filed a second Response to the

1

Motion to Strike Defendant's Counterclaims (Doc. 44), which the Court construes as a sur-reply. USLIC filed a response to Bryant's sur-reply (Doc. 46).

The local rules of this Court provide:

> Under no circumstances will sur-reply briefs be accepted. If a party believes it is necessary to supplement its brief with new authority due to a change in the law or facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief. The supplemental authority shall be filed in accordance with the supplemental authority provisions found in Federal Rule of Appellate Procedure 28(j).

SDIL-LR 7.1(g).

Therefore, the Court **ORDERS** Defendant/Counter Claimant Larry Bryant's Second Response in Opposition to USLIC's Motion to Strike Defendant's Counterclaims (Doc. 44) be **STRICKEN** as an improper sur-reply. The Court further **ORDERS** Plaintiff/Counter Defendant USLIC's Response to Defendant Larry Bryant's Second Response in Opposition to USLIC's Motion to Strke Defendant's Counterclaims (Doc. 46) also be **STRICKEN**. The Court will thus consider only USLIC's original Motion to Strike Counterclaims (Doc. 38), Larry Bryant's response thereto (Doc. 41), and USLIC's reply (Doc. 43).

### FINDINGS OF FACT

The Court was contacted by USLIC, per its standing order regarding discovery disputes, that Defendant was not complying with the Court's order regarding discovery entered on June 2, 2010 (Doc. 32). The Court set this matter for an in-person Discovery Dispute Conference for October 4, 2010, at 2:00 pm in the East St. Louis Courthouse (Doc. 35). The Court sent notice of this conference to Defendant's counsel via United States mail and electronic notification through the Court's electronic case filing system. The e-mail directed to Defendant's counsel regarding the conference was returned to the Clerk's Office undelivered. A Deputy Clerk attempted to contact

Defendant's counsel by telephone, but the number on file with the Court was no longer in service.

At the conference held on October 4, 2010, Plaintiff's counsel indicated that Defendant never filed disclosures required under Fed. R. Civ. P. 26, and did not respond to interrogatories propounded by Plaintiff that were due August 2, 2010. Plaintiff's counsel informed the Court that she did correspond by United States mail with Defendant's counsel on August 13, 2010, but subsequent e-mails were returned undelivered, and Plaintiff's counsel could not make contact with Defendant by phone because the number had been disconnected.

At that hearing the Court found that Defendant's counsel had been unreachable by either the Court or opposing counsel. Further, the Court found that Defendant's counsel's unavailability had caused Plaintiff to be unable to conduct discovery by the terms of the scheduling order entered by the Court on June 4, 2010 (Doc. 32). The Court entered an order to Defendant Bryant to show cause within 21 days, by October 25, 2010, why his counterclaim should not be dismissed and judgment entered in Plaintiff's favor for failure to prosecute under Fed. R. Civ. P. 41(b). The Court warned Defendant that failure to respond to its order might result in a recommendation by the undersigned to the District Court that Bryant's counterclaims be dismissed and judgment entered in favor of USLIC and against Bryant. Defendant did not respond to the Court's order by October 25, 2010.

On October 27, 2010, two days after the Court's deadline, USLIC filed a Motion to Strike Defendant's Counterclaims (Doc. 38) and Memorandum in Support of its Motion to Strike Defendants Counterclaims (Doc. 39). On October 29, 2010, four days after the Court's deadline to show cause, Bryant filed a Response to USLIC's Motion to Strike Defendant's Counterclaims (Doc. 41). Defendant Larry Bryant's response did not directly address the Court's Order to Show Cause, but the Court will construe the document as a late answer to its order, as well as a response to

Plaintiff's motion.

*Motion to Strike Defendant's Counterclaims*

USLIC asks the Court to dismiss Bryant's counterclaim as a sanction pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff alleges in its motion Defendant did not comply with the Court's scheduling and discovery order. USLIC argues specifically that Bryant did not respond to interrogatories propounded by Plaintiff on June 30, 2010, which were due by July 30, 2010. On August 13, 2010, USLIC sent a letter to Defendant requesting responses to its discovery requests. When USLIC received no response, it sent Defendant a second letter requesting responses to the interrogatories on August 23, 2010, and a third letter on August 30, 2010. Plaintiff then contacted the Court regarding Defendant's failure to respond, and the Court scheduled the October 4, 2010, hearing. As stated above, notice of this hearing was sent to Defendant's counsel via United States mail and by electronic notification. Neither Defendant, nor his counsel, appeared at that hearing.

USLIC argues that Bryant has not participated "in any meaningful way in this matter." As of the date of its motion, Bryant has not made Rule 26 disclosures, had not responded to written discovery or appeared before the Court when ordered to do so.

In Response to Plaintiff's Motion to Strike Defendant's Counterclaims, Defendant makes several arguments. First, Defendant through his attorney, seeks to excuse his failures to comply with the orders of the court because of a " recent, laborious relocation of Bryant's counsel's law office." Defendant states that his counsel never received actual notice of the court proceeding he missed on October 4, 2010, and therefore his non-attendance should be excused.

Second, Defendant contends that there has been no delay in "early pretrial discovery" and

therefore no prejudice to the Plaintiff. Third, Defendant argues that because of his failure to comply with court orders there "has been no congestion in this District Court's trial calendar." Fourth, Defendant states that because of the nature of the case there has already been a great deal of information exchanged between the parties. He answers that his counsel did respond to Plaintiff's letters by sending a letter from Defendant's counsel on August 23, 2010, explaining the delays because of an office move and asking for more time to respond. The vast majority of Defendant's response is dedicated to the merits of his counterclaim, which is not currently at issue before the Court.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that if a plaintiff "fails to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.* Rule 41(b) may be invoked upon a party's failure to prosecute its claims, comply with court rules, or for failing to comply with a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Rule 41(c) clarifies that Rule 41(b) applies to counterclaims. Actions may be dismissed under 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James*, 417 F.3d at 681 (quoting *GCIU Employer Ret. Fund v.*

*Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (other citations omitted)).

The undersigned believes that dismissal of Bryant's counterclaims is warranted under Rule 41. "No exact rule can be laid down as to when a court is justified in dismissing a case for failure to prosecute. Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal." *Sandee Mfg. Co. v. Rohm & Haas Co.*, 298 F.2d 41, 43 (7th Cir.1962). Here, there is a clear record of delay and failure to follow court orders. Plaintiff tried on multiple occasions to elicit discovery responses from the defendant. The Court then intervened and Defendant still did not respond to either the Court or opposing counsel. Defendant has not heeded the Court's order regarding discovery or responded to its order to show cause. Additionally, Defendant can not be shielded by the inaction of his attorney. Defendant's attorney had an obligation at the very least to keep the court informed of his address. The Court could not reach him and therefore the litigation in this Court's opinion came to a dead standstill.

"[A] district court's power to dismiss a case serve[s] not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in . . . dilatory behavior." *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997) (citations omitted). Dismissal of Defendant's counterclaims is appropriate in this case, where Defendant should not be allowed to benefit from litigation in which he would not participate. Defendant has failed to prosecute this action, has repeatedly failed to engage in timely discovery, and there is no information before the Court that he has, as of this date, participated in discovery or intends to participate in discovery. *See Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir.1994) (finding where pattern of dilatory conduct is clear, dismissal for want of prosecution need not be preceded by imposition of less severe sanctions). Because dismissal with

prejudice is a drastic sanction to be applied only in extreme situations, *GCIU Employer Retirement Fund, 8 F.3d at 1199*, this Court recommends that Plaintiff's Motion to Strike Defendant's Counterclaims (Doc. 38) be **GRANTED** and Defendant's counterclaims be **DISMISSED WITHOUT PREJUDICE**.

### THE COURT'S ORDER TO SHOW CAUSE

The Court finds based upon the facts stated above that Defendant did not demonstrate cause and recommends that his counterclaims be **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

Based on all the foregoing, it is **HEREBY ORDERED** that Defendant/Counter Claimant Larry Bryant's Second Response in Opposition to USLIC's Motion to Strike Defendant's Counterclaims (Doc. 44) is **STRICKEN** as an improper sur-reply.  It is **FURTHER ORDERED** that Plaintiff/Counter Defendant USLIC's Response to Defendant Larry Bryant's Second Response in Opposition to USLIC's Motion to Strke Defendant's Counterclaims (Doc. 46) is also **STRICKEN**.

It is **RECOMMENDED** that Plaintiff's Motion to Strike Defendant's Counterclaims (Doc. 38) be **GRANTED** and Defendant's Counterclaim be **DISMISSED WITHOUT PREJUDICE** for the failure to prosecute and follow orders of the Court, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004);

*United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 24, 2011**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
