UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, *a foreign corporation*,<br><br>    Plaintiff/Counter-Defendant,<br><br>  v.<br><br>LARRY BRYANT, *doing business as Washington Park Liquor*,<br><br>    Defendant/Counter-Claimant. | Case No. 10-cv-129-JPG-DGW |

### MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 49) of Magistrate Judge Donald G. Wilkerson.  Specifically, Magistrate Judge Wilkerson recommends that the Court strike Defendant/Counter-Claimant Larry Bryant's Response (Doc. 44) as an improper sur-reply brief, strike Plaintiff/Counter-Defendant United States Liability Insurance Company's ("USLIC") Response (Doc. 46) as an improper response to said sur-reply, grant USLIC's Motion to Strike (Doc. 38), dismiss Bryant's counterclaim without prejudice, and direct the Clerk of Court to enter judgment accordingly at the close of this case.  The time for objections to the R & R has passed, yet none have been filed.

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report.  Fed. R. Civ. P. 72(b).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider

the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, since no objections were filed, the Court has reviewed Magistrate Judge Wilkerson's R & R for clear error. Because Bryant has not made initial disclosures pursuant to Federal Rule of Civil Procedure 26, responded to written discovery, or appeared before the Court as ordered, the Court agrees with Magistrate Judge Wilkerson that Bryant has amassed a "clear record of delay and failure to follow court orders." Doc. 49, p. 6. While the Court would typically deter this obvious and continued record of delay by dismissing Bryant's counter-claims *with* prejudice, *see, e.g., Allison v. City of Bridgeport, Ill.*, Case No. 09-cv-703, Doc. 105 (S.D. Ill. Feb. 8, 2011) (dismissing plaintiff's claims for consequential damages with prejudice due to plaintiff's "clear record of . . . bad faith and contumacious behavior"), it can hardly be said that Magistrate Judge Wilkerson's recommendation constitutes clear error. *See GCIU Emp'r Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) ("The *drastic nature* of a dismissal with prejudice requires the action to be used only in extreme situations . . . .") (emphasis added and citation and quotation marks omitted).

Being fully advised of the premises, the Court finds Magistrate Judge Wilkerson's R & R to not be clearly erroneous. Accordingly, the Court hereby **ADOPTS** the R & R (Doc. 49) in its entirety, whereby the Court **STRIKES** Bryant's Response (Doc. 44) as an improper

sur-reply brief, **STRIKES** USLIC'S Response (Doc. 46) as an improper response to said sur-reply, **GRANTS** USLIC's Motion to Strike (Doc. 38), **DISMISSES** Bryant's counterclaim **without prejudice**, and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.  Bryant shall not re-file his counter-claim during the pendency of this litigation.  Further, the Court **WARNS** Bryant that failure to comply with discovery requests or any of the Court's orders in the future may result in sanctions up to and including judgment in USLIC's favor.

**IT IS SO ORDERED.**
**DATED: February 14, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
