UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, *a foreign corporation*,<br><br>      Plaintiff,<br><br>  v.<br><br>LARRY BRYANT,<br>*doing business as* Washington Park Liquor,<br><br>      Defendant. | Case No. 10-cv-129-JPG |
| LARRY BRYANT,<br>*doing business as* Washington Park Liquor,<br><br>      Counter Claimant,<br><br>  v.<br><br>UNITED STATES LIABILITY INSURANCE COMPANY, *a foreign corporation*,<br><br>      Counter Defendant. | Case No. 10-cv-129-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff/Counter Defendant United States Liability Insurance Company's ("USLIC") Motion for Judgement on the Pleadings (Doc. 54). Defendant/Counter Claimant Larry Bryant ("Bryant") concedes that declaratory judgment in favor of USLIC is proper. *See* Doc. 55 (since stricken).

A motion for judgment on the pleadings permits a party to move for judgment after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c). The time for pleadings in this case has closed; thus, USLIC filed the instant motion in a timely manner.

Judgment on the pleadings is only appropriate where "it is clear from the face of the underlying complaint that the allegations do not even potentially fall within the scope of the policy[.]" *Roman Catholic Diocese of Springfield in Ill. v. Maryland Cas. Co.*, 139 F.3d 561, 565 (7th Cir. 1998). Here, Bryant admits that he knowingly failed to employ and maintain protective safeguards as required by the commercial insurance policy at issue, Policy No. BP 1007484 ("the policy"). Likewise, Bryant admits that he failed to notify USLIC of the absence of protective safeguards. Bryant also concedes that his failures trigger explicit exclusions from coverage under the policy.

Being fully advised of the premises and for good cause shown, the Court is satisfied that judgment on the pleadings is appropriate. *See Country Mut. Ins. Co. v. Livorsi Marine, Inc.*, 222 Ill.2d 303, 311 (Ill. 2006) ("Breaching a policy's notice clause by failing to give reasonable notice will defeat the right of the insured party to recover under the policy."). As such, the Court **GRANTS** USLIC's Motion for Judgment on the Pleadings (Doc. 54), whereby the Court **DIRECTS** the Clerk of Court to enter declaratory judgment accordingly.

**IT IS SO ORDERED.**
**DATED: June 16, 2011**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**